UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOLOMON FRIEDMAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>Defendant. | Civil Case 7:13-cv-2339-ER |

## NCO FINANCIAL SYSTEMS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant NCO Financial Systems, Inc. ("NCO"), through counsel, and for its Answer and Affirmative Defenses to the Complaint filed by plaintiff Solomon Friedman ("plaintiff"), states as follows:

### INTRODUCTION

1. NCO admits that plaintiff purports to bring an action for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), but denies any and all damages, liability, and/or violations to the extent alleged in ¶ 1, and denies the balance of the allegations as calling for a legal conclusion.

### JURISDICTION AND VENUE

2. NCO admits the allegations in ¶ 2 for jurisdiction and venue purposes only.

### PARTIES

3. NCO denies the allegations in ¶ 3 for lack of information or knowledge sufficient to form a belief therein, which has the effect of a denial.

4. NCO denies the allegations in ¶ 4 for lack of information or knowledge sufficient to form a belief therein, which has the effect of a denial.

5. NCO admits the allegations in ¶ 5.

6. NCO admits that as part of its business it provides debt collection services to third-party clients and uses the mail and telephone to do so. Except as specifically admitted, NCO denies the allegations in ¶ 6.

7. NCO admits only that when it operates as a debt collector as defined by 15 U.S.C. § 1692(a)(6), that certain of its activities may be regulated by the FDCPA. Except as specifically admitted, NCO denies the allegations in ¶ 7.

## FACTS

8. NCO admits only that its records reflect that on or about January 12, 2013, it mailed to plaintiff the letter attached as Exhibit "A" and that the letter speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 8 state otherwise, they are denied.

9. The letter referenced in ¶ 9 and attached as Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 9 state otherwise, they are denied.

10. The letter referenced in ¶ 10 and attached as Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 10 state otherwise, they are denied.

11. The letter referenced in ¶ 11 and attached as Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 11 state otherwise, they are denied.

12. The letter referenced in ¶ 12 and attached as Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 12 state otherwise, they are denied.

13. NCO denies the allegations in ¶ 13 as calling for a legal conclusion.

14. The letter referenced in ¶ 14 and attached as Exhibit "A" speaks for itself and is the best evidence of its content. To the extent the allegations in ¶ 14 state otherwise, they are denied.

15. NCO denies the allegations in ¶ 15.

16. NCO denies the allegations in ¶ 16 as calling for a legal conclusion.

17. Omitted.

18. NCO denies the allegations in ¶ 18 as calling for a legal conclusion.

19. NCO denies the allegations in ¶ 19 as calling for a legal conclusion.

20. NCO denies the allegations in ¶ 20 as calling for a legal conclusion.

## **COUNT I – FDCPA**

21. NCO re-alleges and re-avers its answers to ¶¶ 1 through 20 as if set forth fully herein.

22. NCO denies the allegations in ¶ 22.

23. NCO denies the allegations in ¶ 23.

24. NCO denies the allegations in ¶ 24.

25. NCO denies the allegations in ¶ 25.

## COUNT II – FDCPA

26. NCO re-alleges and re-avers its answers to ¶¶ 1 through 25 as if set forth fully herein.

27. NCO denies the allegations in ¶ 27.

28. NCO denies the allegations in ¶ 28.

## CLASS ALLEGATIONS

29. NCO admits plaintiff purports to bring this as a class action, but denies it meets the requirements of Fed. R. Civ. P. 23.

30. NCO denies the allegations in ¶ 30.

31. NCO denies the allegations in ¶ 31.

32. NCO denies the allegations in ¶ 32.

33. NCO denies the allegations in ¶ 33.

34. NCO denies the allegations in ¶ 34.

## JURY DEMAND

35. The allegations in ¶ 35 do not set forth an averment to which an Answer is required.

AND NOW, in further Answer to the Complaint, Defendant NCO avers as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against NCO upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k(c), to the extent a violation(s) is established and in the event NCO is found to be a debt collector as defined in the FDCPA, which is specifically denied, any such violation(s) was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### THIRD AFFIRMATIVE DEFENSE

Assuming plaintiff suffered any damages, plaintiff has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

### FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of NCO, or for whom NCO is not responsible or liable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails in whole or in part to satisfy the requirements for a class action.

## SIXTH AFFIRMATIVE DEFENSE

This action should not be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

## SEVENTH AFFIRMATIVE DEFENSE

One or more of the Counts contained in the Complaint are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by virtue of an agreement by and between the parties to arbitrate disputes.

WHEREFORE, Defendant NCO Financial Systems, Inc., respectfully requests this answer be deemed good and sufficient, plaintiff's lawsuit be dismissed with prejudice at Plaintiff's costs pursuant to Federal and State law, plaintiff be ordered to pay reasonable attorney's fees and costs for NCO, and for all other general and equitable relief.

Dated: June 10, 2013                    Respectfully submitted,

/s/ Aaron R. Easley
Aaron R. Easley, Esq.(ae9922)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone No.: (908) 751-5940
Facsimile No.: (908) 751-5944
aeasley@sessions-law.biz
Attorneys for Defendant
NCO Financial Systems, Inc.

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of June 2013, a copy of the foregoing **Defendant NCO Financial Systems, Inc.'s Answer and Affirmative Defenses** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

>Aryeh L. Pomerantz, Esq.
>Pomerantz & Pomerantz, PLLC
>3 College Road.,Suite 102
>Monsey, NY 10952
>Phone: (845) 547-2600
>Fax : (845) 547-2601
>aryeh@pom-law.com
>Attorney for Plaintiff
>Solomon Friedman

>>/s/ Aaron R. Easley
>>Aaron R. Easley, Esq.
>>Attorney for Defendant
>>NCO Financial Systems, Inc.

7